UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMARRIO MORRISON,

Petitioner,

-against-

MICHAEL CAPRA,

Respondent.

**ORDER**

23 Civ. 2598 (VB) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On April 28, 2023, Petitioner filed a motion requesting that this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 be held in abeyance so that he could fully litigate claims of ineffective assistance of counsel, *Brady* violations, and prosecutorial misconduct via a New York Criminal Procedure Law ("CPL") Section 440.10 motion in state court. ECF No. 9. At the time of that filing, the Section 440.10 motion had been denied by the County Court, and an application for a certificate of appeal was pending before the Appellate Division, Second Department. The submission to this Court requested that "should an unfavorable outcome result from the [Section 440.10] motion, Petitioner be allowed to amend the original Petition that is before this Court." ECF No. 9 at 2. Because the motion did not provide the Court with sufficient information to determine whether a stay should be granted, the Court denied the motion without prejudice to Petitioner filing a new motion for a stay that would "describe the unexhausted claims with specificity" and "explain why [Petitioner] believes the unexhausted claims have merit and how he exercised diligence in raising those claims in New York State courts." ECF No. 11. In response to the Court's order, Petitioner filed a new motion for a stay. ECF No. 12. Shortly after the new motion for a stay was filed, submissions from Respondent

and Petitioner reported that the Appellate Division denied Petitioner's request for a certificate granting leave to appeal on June 9, 2023. *See* ECF Nos. 13, 14.

Accordingly, on July 5, 2023, the Court denied as moot Petitioner's motion to stay this habeas proceeding, because the previously unexhausted claims for ineffective assistance of counsel, *Brady* violations, and prosecutorial misconduct had now been fully exhausted in the state courts. ECF No. 15. The Court set deadlines for Respondent to file and serve his response to the habeas petition and for Petitioner to serve and file his reply. *Id.* Respondent thereafter served and filed his opposition papers, ECF Nos. 21-23, responding solely to the claims set forth in the original petition, ECF No. 1 ("Petition"),[1] and Petitioner served and filed his traverse in response, ECF No. 24.

Respondent was not wrong when he pointed out in his response to Petitioner's second motion for a stay that in that motion, Petitioner "sought no other relief beyond the application for a stay of the proceedings." ECF No. 13. "The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them to raise the strongest arguments they suggest." *Sloane v. Daye,* No. 25-cv-7479 (LLS), 2025 WL 3282437, at *1 (S.D.N.Y. Nov. 25, 2025) (emphasis and quotation marks omitted). Taking Petitioner's two stay motions together, the most logical inference is that Petitioner filed the new motion for a stay, and informed the Court that he had

---

[1] Respondent's memorandum of law addressed an ineffective assistance of counsel claim based on the failure to call an expert witness that Respondent stated was "raised for the first time" in Petitioner's second Section 440.10 motion, *see* ECF No. 22 at 21, but Respondent also acknowledged that that claim was already included in the original Petition, *see id.* at 14. Indeed, it was listed among the "supporting facts" for Petitioner's ineffective assistance of counsel claim, which was asserted as "Ground One" for habeas relief. *See* Petition at 3 ("counsel consulted with but failed to retain DNA expert witness to testify in [Petitioner's] defense"). Respondent did not otherwise address the other claims raised in the second Section 440.10 motion—namely, the claims for *Brady* violations and prosecutorial misconduct—which were not included in the Petition.

fully exhausted the claims raised in his Section 440.10, *see* ECF No. 14, because he still wanted to amend the Petition (as indicated in the original stay motion) so that this Court could consider those claims.  Of course, Petitioner is not *required* to file a motion to amend—he may instead choose to proceed exclusively on the claims in the Petition, in which case, no further filings are required for the Court to adjudicate this matter.

If, however, Petitioner does wish to file a motion to amend—which would be necessary to enable this Court to potentially consider as part of this habeas proceeding any claims raised for the first time in the second Section 440.10 motion (other than an ineffective assistance of counsel claim based on the failure to call an expert witness, *see* footnote 1)—then the Court orders the following briefing schedule:

(1) Petitioner's motion to amend (if any) must be served and filed **by no later than May 7, 2026**.  This filing must also include Petitioner's arguments regarding the merits of the proposed new claims, so that if the motion to amend is granted, the Court will be able to address all active claims based on these additional submissions;

(2) Respondent's opposition to the motion to amend must be served and filed **by no later than July 7, 2026**.  This filing likewise must also include Respondent's arguments regarding the merits of the proposed new claims, in case the motion to amend is granted; and

(3) Petitioner's reply papers in support of both the motion to amend and the merits of his proposed new claims must be served and filed **by no later than August 6, 2026**.

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se*

Petitioner.

Dated:  April 6, 2026
        White Plains, New York

                                   **SO ORDERED.**

                                   _____
                                   ANDREW E. KRAUSE
                                   United States Magistrate Judge

2025 WL 3282437

2025 WL 3282437
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Derek SLOANE, Petitioner,
v.
Superintendent Michael DAYE, Respondent.

25-CV-7479 (LLS)
|
Signed November 20, 2025
|
Filed November 25, 2025

**Attorneys and Law Firms**

Derek Sloane, Beacon, NY, Pro Se.

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

**\*1** Petitioner, who is currently incarcerated at Fishkill Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his February 15, 2022 conviction in the County Court, Putnam County. By order dated November 3, 2025, the court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to file an amended petition within 60 days of the date of this order as detailed below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**BACKGROUND**

Petitioner Derek Sloan brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his February 15, 2022 conviction in the County Court, Putnam County, in which a jury convicted him of grand larceny in the third degree and criminal possession of stolen property in the third degree. By order dated May 14, 2025, the New York State Supreme Court, Appellate Division, Second Department, affirmed Petitioner's conviction. *See People v. Sloane*, 238 A.D.3d 899 (2d Dep't May 14, 2025), *leave to appeal denied*, 43 N.Y.3d 1058 (July 10, 2025). Petitioner has not filed any postconviction motions in the state courts.

In his Section 2254 petition, Petitioner asserts four grounds for relief: (1) trial counsel provided ineffective assistance when he denied Petitioner's request to call certain witnesses; (2) Petitioner was denied a jury of his peers because the only Black juror on the panel was removed; (3) Petitioner "was found guilty less than a half hour by the only white jurors" (ECF 1, at 8); and (4) trial counsel was ineffective for failing to obtain video footage that Petitioner believes would have assisted his defense. Although Petitioner alleges throughout the petition that his appellate counsel refused to raise his preferred issues on appeal, he does not raise ineffectiveness of appellate counsel as a separate ground for relief.

**DISCUSSION**

**\*2** A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly

presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.' " *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)). An exception to the exhaustion requirement exists only when: "(1) [the petition] establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law ... or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

In order to exhaust any issues for purpose of *habeas corpus* review, a petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70. Should that court's decision adversely affect the petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should a petitioner raise for *habeas corpus* relief any grounds raised in New York Criminal Procedure Law Section 440.10 motions and/or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Here, it appears that Petitioner has not exhausted any of his grounds for relief. He asserts that he exhausted his claims by raising them on appeal, but, according to the Appellate Division's decision denying his appeal, he did not raise on direct appeal any of the claims presented here. According to the Appellate Division's decision, Petitioner raised the following claims on appeal: (1) he was convicted against the weight of the evidence; (2) the prosecutor made improper comments during summation; (3) the trial court erred in permitting the prosecution to present evidence of a key found on Petitioner following his arrest; (4) the trial court made an improper ruling under *People v. Sandoval*, 34 N.Y.2d 371 (1974), relating to Petitioner's prior criminal acts; and (5) the trial court erred in declining to examine Petitioner's competency. *See Sloane*, 238 A.D.3d 899. The Appellate Division also rejected other non-specified "remaining contentions" as "without merit." *Id.* at 902. The only grounds that have been exhausted for *habeas corpus* review are those grounds raised in Petitioner's direct appeal, none of which he asserts in this petition.

Although Petitioner seeks to assert claims for ineffective assistance of trial counsel, which often do not have to be raised on direct appeal, he does not allege that he exhausted any such claims by raising them in a postconviction motion under New York Criminal Procedure Law Section 440.10 and seeking leave to appeal any adverse decision. *See Rios v. Miller*, No. 17-CV-2256 (ALC), 2020 WL 4003607, at *2 (S.D.N.Y. July 15, 2020) ("[T]o properly exhaust an ineffective assistance of counsel claim that relies on evidence outside the pretrial and trial record, [the] petitioner must raise [the claim] as part of a motion to vacate judgment under [New York Criminal Procedure Law] § 440.10 and then seek leave to appeal to the Appellate Division."). [1] While ineffective assistance of counsel can constitute cause for a procedural default, the exhaustion requirement nevertheless "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986).

[1]     Any ineffective assistance of counsel claims that are based on the record must also be raised in a Section 440.10 motion on collateral review. *See id.* ("When presented with an ineffective assistance of counsel claim containing both matters amendable to resolution based on the record and matters that are not, courts have required that all claims be reviewed collaterally so that counsel's representation can be evaluated as a single cause of action.").

**\*3** There is no statutory time limit on filing a motion under Section 440.10. *See* N.Y. Crim. Pro. Law § 440.10(1). Thus, as long as Petitioner may use an available state court remedy by filing a Section 440.10 motion, his claims of ineffective assistance of counsel are unexhausted. *See O'Neal v. New York*, 465 F. Supp. 3d 206, 215-16 (E.D.N.Y. 2020) (finding petitioner's non-record based claims of ineffective assistance of counsel unexhausted, but not procedurally barred, because a state remedy was still available under Section 440.10).

The Court grants Petitioner 60 days' leave to file an amended Section 2254 petition in which he alleges that he has exhausted each of his claims for relief as discussed above.

**LEAVE TO AMEND PETITION**

**Sloane v. Daye, Slip Copy (2025)**

2025 WL 3282437

The Court grants Petitioner leave to submit an amended petition within 60 days of the date of this order. Should Petitioner decide to file an amended petition, he must state his grounds for relief and detail the steps he has taken to exhaust them fully in the New York courts. Petitioner must exhaust all available state court remedies in order to proceed with this Petition. [1] *See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

[1]    The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal *habeas corpus* petition must be filed within one year of the latest of four dates specified. *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

**CONCLUSION**

Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within 60 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Petitioner should state all his grounds for federal *habeas corpus* relief and set forth facts supporting each specified ground for relief. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied without prejudice as unexhausted.

SO ORDERED.

Attachment

---

**Petition for Relief From a Conviction or Sentence
By a Person in State Custody**

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

**Instructions**

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

Clerk, United States District Court for
Address
City, State Zip Code

9.  **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

**AMENDED
PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| Place of Confinement : | Prisoner No.: | |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| | v. | |
| The Attorney General of the State of | | |

**AMENDED
PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence:

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

6.  (a) What was your plea? (Check one)

    ☐ (1)    Not guilty    ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty    ☐ (4)    Insanity plea